Hart, J.
 

 The Tax Commissioner, as appellant, claims the power to make the assessment in this case by virtue of the provisions of Section 5544-2, General Code. The pertinent part of that section is as follows :
 

 “* * *
 
 there is hereby levied:
 

 “ (1) A tax of three per centum
 
 on the amounts re
 
 
 *299
 

 ceived for admission to any place,
 
 including admission by season ticket or subscription.
 

 “(2) A tax of three per centum on the excess of amounts received for tickets or cards of admission to theatres, operas, and other places of amusement, sold at news stands, hotels, and places other than the ticket offices of such theatres, operas, or other places of amusement, over and above the amounts representing-the established price therefor at such ticket offices; such tax to be returned and paid in the manner and subject to the interest provided in Section 5544-5 of the General Code, by the person selling such tickets.
 

 “ (3) A tax of three per centum on the amount received for admission to any public performance for profit at any roof garden, cabaret, or other similar entertainment in case the charge for admission is in the form of a service charge, or cover charge, or other similar charge.
 

 “(4) A tax of three per centum
 
 on the amount received as annual membership dues by every club or organization maintaining a golf course; and
 
 a tax of three per centum
 
 on green fees collected by golf courses.either under chib or private oivnership.”
 
 (Italics ours.)
 

 This court is of the opinion that the imposition of the tax in this case is not warranted under paragraph (4) of the statute just quoted. That paragraph imposes a tax of three per cent on “membership dues by every club or organization maintaining a golf course; and a tax of three per centum on green fees collected by golf courses either under club or private ownership.” Clearly, that language specifically levies the tax only on dues or green fees paid to private organizations or to private persons operating golf courses. The maxim
 
 expressio unius est exclusio alterius
 
 applies. By no process of construction can that portion of the statute apply to green fees charged and collected for the use of a publicly owned golf course.
 

 
 *300
 
 In passing, it may be observed that under Section 5544-1, General Code, as amended, municipalities and other political subdivisions of the state are included within the term “persons” against whom the admission tax may be assessed. We reach the conclusion, however, that green fees charged by political subdivisions of the state for the use of publicly owned golf courses are not subject to the admission tax, not on the theory that the General Assembly does not have the power to impose a tax on green fees charged for the use of such golf courses, but because it has. not done so.
 

 This court is also of the opinion that the imposition of the tax in this case may not be made under paragraph (1) of Section 5544-2, General Code, on the theory that the green fees, in question are paid as an admission fee to the golf course. From the context of the entire section it appears that the admissions on which a tax is to be charged include only admissions to places of entertainment where the person admitted is a spectator or auditor, such as theatres, operas, public performances, ball games, athletic contests and other places of amusement. The green fees charged for the use,of the facilities of a golf course are in the nature of a rental or use tax paid for the privilege of using the facilities of the golf course. The fee is paid by one who is not a spectator at but a user of the course. On the other hand, if a fee were paid for the privilege of witnessing a golf match, as is often done, the fee charged would be an admission fee and subject to the tax.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.